STATE OF SOUTH DAKOTA )     IN CIRCUIT COURT
                      ) SS
COUNTY OF PENNINGTON  )     SEVENTH JUDICIAL CIRCUIT

JEFF NYE,                            )     Civ. No. 12-
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )     **SUMMONS**
                                     )
THE HARTFORD ACCIDENT AND            )
INDEMNITY COMPANY,                   )
                                     )
        Defendant.                   )

TO THE ABOVE-NAMED DEFENDANT:

You and each of you are hereby summoned and required to answer the

Complaint of the above-named Plaintiff, a copy of which is hereto annexed and

herewith served upon you, and to serve a copy of your Answer on the subscribers

at their office at 4200 Beach Drive, Suite 3, P.O. Box 9579, Rapid City, South

Dakota 57709, within thirty (30) days after the service of this Summons upon

you, exclusive of the day of service, and if you fail to answer within said time,

judgment by default may be rendered against you for the relief requested in the

Complaint.

Respectfully submitted this ____ day of April, 2012.

                    BEARDSLEY, JENSEN & VON WALD,
                    Prof. L.L.C.

                    By: _____
                        Steven C. Beardsley
                        Brad J. Lee
                        4200 Beach Drive, Suite 3
                        P.O. Box 9579
                        Rapid City, SD  57709
                        Telephone: (605) 721-2800
                        Facsimile: (605) 721-2801
                        Email: sbeards@blackhillslaw.com
                        blee@blackhillslaw.com
                        *Attorneys for Plaintiff*

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | ) SS | |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |
| | | |
| JEFF NYE, | ) | Civ. No. 12- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| THE HARTFORD ACCIDENT AND | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jeff Nye ("Nye"), by and through his undersigned attorneys, for his cause of action against Defendant The Hartford Accident and Indemnity Company ("Hartford") states and alleges as follows:

## PARTIES

1.    Plaintiff Jeff Nye is an individual who was an employee of Knology, Inc., f/k/a Prairie Wave Communications, Inc., on or about August 2, 2006 and August 17, 2007, when he suffered a work-related injury.

2.    Defendant Hartford is a corporation engaged in the business of providing insurance and was providing workers' compensation insurance coverage to Plaintiff's employer, Knology, Inc., f/k/a Prairie Wave Communications, Inc., at the time of the injuries.

## JURISDICTION

3.    Plaintiff is currently a citizen of the State of South Dakota and resides in the County of Pennington.

4.    Defendant Hartford is an insurance company which does business in the State of South Dakota but which is incorporated and has its principal place of business in a State other than South Dakota.

## FACTS

5.    At all times relevant to this action, Defendant had in place a policy of insurance that, by its terms, required it to pay workers' compensation benefits to employees of Knology, Inc., f/k/a Prairie Wave Communications, Inc., who were injured within the course and scope of their employment.

6.      On August 2, 2006, Plaintiff suffered an injury while working at Knology, Inc., f/k/a Prairie Wave Communications, Inc., and informed his employer that he injured his lower back.

7.      Plaintiff underwent a fusion of his L5-S1 vertebrae on November 10, 2006.

8.      On February 11, 2008, Plaintiff underwent a second fusion from L4-5 to L5-S1.  It was discovered that Plaintiff was suffering from pseudoarthrosis (failed spinal fusion) and instrumentation failure in that the screws had fractured just below the surface of the iliac crest bone.

9.      On February 12, 2008, Plaintiff underwent an anterior fusion surgery to remove and replace the interbody device instrumentation at L5-S1.

10.     Plaintiff's back surgeries did not alleviate his pain and symptoms and Plaintiff suffers from failed back syndrome and chronic pain syndrome.

11.     After his surgeries Plaintiff's employer was unable or unwilling to accommodate Plaintiff's restrictions.

12.     On or about December 1, 2008, Plaintiff's employer terminated Plaintiff's employment with them.

13.     On July 22, 2009, The Hartford had a Physician Advisor Review by J. Parker Mickle, M.D., of Plaintiff's medical records.

14.     Dr. Mickle determined that Plaintiff could not return to his previous type of work, explaining: "This patient is going to have significant restrictions in lifting, prolonged sitting, walking, standing twisting and bending.  In fact this patient is going to be function at a sub-sedentary level at this time."

15.     On August 14, 2009, Plaintiff's doctor, Chris Dietrich, Rehab Doctors, indicated Plaintiff was unable to work and was restricted from lifting anything greater than 10 pounds.  Dr. Dietrich indicated Plaintiff could never bend, squat/kneel, climb, push/pull, reach, above shoulder, and below knee. Plaintiff could only stand and walk up to 2 hours and sit at a job 3-4 hours. Plaintiff had to change positions every 30 minutes.

16.     On or about April 2010, Defendant stopped paying disability benefits to Nye.

17.     Defendant did not have any opinions from a medical doctor or vocational expert indicating Plaintiff was able to work return to suitable, substantial, and gainful employment.

18.     Defendant did not have a reasonable basis to stop paying disability benefits to Nye on or about April 2010.

19.     As a result of Defendant's termination of disability benefits Plaintiff was forced to hire and pay for an attorney, and incur substantial costs, to file a Petition for Hearing with the South Dakota Department of Labor.

## COUNT I
## BAD FAITH

20.     Plaintiff hereby reincorporates by reference the foregoing paragraphs.

21.     At all material times, Defendant committed the wrongful acts herein alleged through agents or employees who were acting within the purposes and scope of its authority and employment.

22.     With actual notice of Plaintiff's compensable injuries, Defendant acted knowingly and without reasonable basis in refusing to make a reasonable, prompt, and adequate investigation of Plaintiff's claim for compensation. This was done for the purposes of discouraging, avoiding, or reducing the compensation due to Plaintiff.

23.     Defendant, without any reasonable basis and for the purpose of discouraging, avoiding, or reducing the compensation due to Plaintiff, intentionally and wrongfully denied Plaintiff's workers' compensation claim.

24.     Defendant either knew or should have known of the lack of reasonable basis for denial of benefits.

25.     Defendant denied workers' compensation benefits in this case in violation of the covenant of good faith and fair dealing and acted in bad faith.

26.     Defendant also failed to give equal consideration to the interests of Plaintiff, have ignored facts that support his claim, and have ignored law that requires payment of the claim.

27.     Defendant' actions constituting bad faith included, but were not limited to, the following:

> a. Defendant breached its duty to adjust Plaintiff's claim in good faith and to investigate every available source of information, set out to collect the minimum facts necessary to support a denial of the claim;

3

b. Defendant took actions which injured the Plaintiff's rights;

c. Defendant failed to fulfill its continuing duty to investigate and evaluate the claim; and

d. Defendant terminated Plaintiff's disability benefits without any reasonable basis for doing so.

28.     As a legal result of this conduct, Plaintiff has experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

29.     Plaintiff is entitled to damages as a result of the breach of the implied duty of good faith and fair dealing.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.     Plaintiff hereby realleges all previous paragraphs as if set forth herein.

31.     Defendant knew, or in the exercise of reasonable care should have known, that its behavior and actions in the denial of benefits, and subsequent handling of this claim would result in serious emotional distress to the Plaintiff due to his medical and financial position.

32.     In doing the acts alleged in this Complaint, Defendant acted with reckless, intentional, and deliberate disregard for the likelihood that Plaintiff would suffer severe emotional distress as a direct and proximate result of its actions.

33.     As a legal result of this conduct, Plaintiff has experienced financial loss and hardship, severe emotional and physical distress, and shame and embarrassment.

34.     Plaintiff is entitled to damages as a result of the intentional infliction of emotional distress.

## COUNT III
## VEXATIOUS REFUSAL TO PAY

35.     Plaintiff hereby realleges all previous paragraphs as if set forth herein.

4

36.    Defendant' refusal to timely pay the full amount of benefits was vexatious or without reasonable cause, and pursuant to SDCL § 58-12-3, Plaintiff is entitled to his attorney's fees and costs.

## COUNT IV
## PUNITIVE DAMAGES

37.    Plaintiff hereby realleges all previous paragraphs as if set forth herein.

38.    Defendant has acted with oppression, fraud, express and implied malice and a reckless disregard for the rights of Plaintiff by refusing and delaying in providing compensation benefits owed to Plaintiff, and intentionally inflicting emotional distress upon Plaintiff.

39.    ·Punitive damages are appropriate in this case pursuant to SDCL § 21-3-2 in order to punish and deter Defendant from continuing in this course of conduct.

WHEREFORE, the Plaintiff prays for judgment as follows:
1.    All damages (compensatory, general, special, and consequential) in an amount to be determined at trial;
2.    Punitive damages in an amount to be justly determined by the jury;
3.    Attorneys' fees, costs, disbursements herein, and interest; and
4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of April, 2012.

BEARDSLEY, JENSEN & VON WALD,
Prof. L.L.C.

By: _____
Steven C. Beardsley
Brad J. Lee
4200 Beach Drive, Suite 3
P.O. Box 9579
Rapid City, SD  57709
Telephone:  (605) 721-2800
Facsimile:  (605) 721-2801
Email: sbeards@blackhillslaw.com
blee@blackhillslaw.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of SDCL § 15-6-38(b), Plaintiff Jeff Nye hereby demands a trial by jury of any issue triable of right by jury.

Steven C. Beardsley

 **south dakota department of labor and regulation**

Division of Insurance
Tel: 605.773.3563
Fax: 605.773.5369
www.dlr.sd.gov/insurance

April 6, 2012

Corporation Service Company
As Registered Agent for
Hartford Accident & Indemnity Co.
503 South Pierre
Pierre, SD  57501

Re:   Our File # 12-SC-0023
      Jeff Nye vs. Hartford Accident & Indemnity Company

Pursuant to SDCL 58-6-39, we are enclosing a copy of a Summons and Complaint, a complaint in the above-entitled action in which Hartford Accident & Indemnity Company is a party.  Service was admitted on the 6th day of April, 2012, at 9:00 a.m.

Should the matter be resolved through a settlement agreement, the Division requests that the settlement agreement not contain a confidentiality agreement that would preclude our obtaining information pertinent to the suit, so as to avoid conflict with the Division's broad statutory mandate allowing us to obtain any information we ask from licensees.

Please contact Eva Briggs at  (605)773-4104 should you have any questions.

Sincerely,

Merle Scheiber, Director
S.D. Division of Insurance

445 East Capitol Avenue • Pierre, SD  57501-3185

YLE C 13455



CORPORATION SERVICE COMPANY·

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 9796029**
**Date Processed: 04/10/2012**

Primary Contact:     Mr. Michael Johnson Law Department
                     The Hartford
                     One Hartford Plaza
                     Law Department
                     Hartford, CT 06115

Copy of transmittal only provided to:     Massimo Fraschilla

| | |
|---|---|
| Entity: | Hartford Accident And Indemnity Company |
| | Entity ID Number  2344249 |
| Entity Served: | Hartford Accident & Indemnity Co. |
| Title of Action: | Jeff Nye vs. The Hartford Accident and Indemnity Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Pennington County Circuit Court, South Dakota |
| Case/Reference No: | 12-SC-0023 |
| Jurisdiction Served: | South Dakota |
| Date Served on CSC: | 04/09/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | South Dakota Division of Insurance on 04/06/2012 |
| How Served: | Regular Mail |
| Sender Information: | Steven C. Beardsley |
| | 605-721-2800 |

**LAW DEPARTMENT**

**APR 10 '12**

**RECEIVED**

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com